**SUMMONS**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

PALO HOWE
c/o Epstein and Conroy
335 Adams Street, Suite 2703
Brooklyn, New York 11201

                Plaintiff,

v.

THE CITY OF NEW YORK, DETECTIVE
SANTANA, DETECTIVE MURRELL,
DETETIVE CHRISTOPHER GOODWIN,
DETECTIVE GOYCO, and DETECTIVE OR
OFFICER JOHN DOE,

                Defendants.

-----------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

CV 12 - 4813

BLOCK, J.

POLLAK, M.J

Plaintiff, PALO HOWE, by and through his attorneys, **THE LAW OFFICE OF EPSTEIN AND CONROY**, complaining of the defendants herein, respectfully shows the Court and alleges:

**PRELIMINARY STATEMENT**

1.     This is a civil rights action in which the plaintiff seeks relief for the defendants' violations of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1983; by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative equitable relief, and award of costs and attorney's fees, and such other and further relief as this court deems just and equitable.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981 and 1983.

3. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

4. Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. §1391 (a), (b) and (c).

## PARTIES

5. Plaintiff PALO HOWE was at all material times hereinafter mentioned over 21 years of age and was and still is a citizen of the United States residing in the State of New York in the County of Kings

6. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

7. Defendants DETECTIVE SANTANA (hereinafter "SANTANA"), DETECTIVE MURRELL (hereinafter "MURRELL"), DETECTIVE CHRISTOPHER GOODWIN (hereinafter "GOODWIN"), DETECTIVE GOYCO (hereinafter "GOYCO"), and OFFICER OR DETECTVE JOHN DOE (name yet unknown, hereinafter "DOE") are and were at all times

relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. Defendants SANTANA, MURRELL, GOODWIN, GOYCO and DOE are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants SANTANA, MURRELL, GOODWIN, GOYCO and DOE are sued individually.

## STATEMENT OF FACTS

1. On or about August 10, 2011, in the County of Kings, plaintiff PALO HOWE was arrested and taken into custody by defendants SANTANA, MURRELL, GOODWIN, GOYCO and DOE, and was charged with Unlawful Possession of Marihuana, a Violation (PL 221.05-00); Criminal Possession of Marihuana in the Fifth Degree, a class B Misdemeanor (PL 221.10-01); and Resisting Arrest, a Class A misdemeanor (PL 205.30-00). According to the Omniform System Arrest Report, the arresting officer was GOODWIN.

2. A Complaint Room Screening Sheet dated August 11, 2011, states that on August 10, 2011 at approximately 16:05, the arresting officer (GOODWIN) saw HOWE smoking marijuana in public view. It further states that GOODWIN "approached" HOWE and that HOWE ran into the building at 397 Linwood Street and up the stairs. GOYCO and GOODWIN chased but lost sight of HOWE. It concludes, "a couple of blocks away, Det. SANTANA and Det. MURRELL finally apprehended" HOWE.

3

3. Plaintiff PALO HOWE avers that at the aforementioned date around 6:00 p.m. he was standing inside the doorway of 397 Linwood Street in Brooklyn, New York. The home at 397 Linwood Street is a two-story building and plaintiff PALO HOWE'S apartment was on the second floor. The apartment building is separated from the street by a metal fence with a gate at the sidewalk. With the plaintiff PALO HOWE at the above-mentioned time and place were his wife, brother and cousin who were all standing in the area between the front door and the metal gate that separates the home from the street.

4. Plaintiff PALO HOWE further avers that at the above-mentioned time and place, a man not in a police uniform nor identifying himself as a police officer or detective (later identified as defendant GOODWIN in police records) walked up to the plaintiff's home on the sidewalk and opened and rushed through the sidewalk gate, bursting through HOWE'S wife, brother and cousin, and lunged toward HOWE. GOODWIN did not identify himself as he lunged toward HOWE.

5. According to the Complaint Room Screening Sheet, plaintiff PALO HOWE was arrested "after a pursuit" at 275 Essex Street in Brooklyn, New York.

6. Plaintiff PALO HOWE further avers that he was stopped by a detective not in uniform. The detective pointed a gun at HOWE and ordered him to lay on the ground. HOWE immediately complied and lay on the ground. At no time during said event did plaintiff PALO HOWE resist. While HOWE lay on the ground, defendants SANTANA, MURRELL, GOODWIN, GOYCO and DOE surrounded HOWE and then hit, kicked and beat him. As a result of the beating, plaintiff PALO HOWE lost consciousness and suffered injuries as described below.

7. The case was eventually dismissed. HOWE did not plead guilty to any charge.

4

8. On August 10, 2011, HOWE, with the assistance of his wife, went to a hospital.

9. As a result of the direct and proximate actions of the defendants SANTANA, MURRELL, GOODWIN, GOYCO and DOE and the beating they gave, HOWE suffered injuries and damages, including but not limited to physical pain and suffering and emotional trauma and suffering requiring the expenditure of money for treatment; a lip laceration requiring stitches; a fracture to the 5th metatarsal bone of his left foot; an injured mouth including loosened and lost teeth; headaches, dizziness, light-headedness and blurred vision; body aches and bruises; mental anguish; humiliation; loss of reputation and other pain and suffering.

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of federal civil rights under the United States Constitution and 42 U.S.C. §§ 1981 and 1983.)

10. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully state herein.

11. By their conduct and actions in arresting, imprisoning, physically assaulting, failing to intercede on behalf of PALO HOWE and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of other defendants, defendant's SANTANA, MURRELL, GOODWIN, GOYCO and DOE, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. §§ 1981 and 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

12. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific bodily injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SECOND CAUSE OF ACTION
(Excessive force.)

13. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully state herein.

14. As described above, the defendants used excessive force without cause and without any right to do so. Plaintiff PALO HOWE claims damages for the injuries set forth above under 42 U.S.C. § 1983 against defendant SANTANA, MURRELL, GOODWIN, GOYCO and DOE for violation of his constitutional rights under color of law including the prohibition on unreasonable searches and seizures contained in the Fourth Amendment to the United States Constitution.

15. As a result of the use of excessive force, PALO HOWE suffered damages as aforesaid.

## AS AND FOR A THIRD CAUSE OF ACTION
(Assault and battery.)

16. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully state herein.

17. Defendants SANTANA, MURRELL, GOODWIN, GOYCO and DOE assaulted and battered Palo Howe as described above.

18. As a result of this assault and battery, PALO HOWE suffered damages as aforesaid.

## AS FOR A FORTH CAUSE OF ACTION
(False arrest and false imprisonment.)

19. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully state herein.

20. By the actions described above, defendants SANTANA, MURRELL, GOODWIN,

GOYCO and DOE falsely arrested or caused to be falsely arrested plaintiff PALO HOWE without reasonable or probable cause, illegally and without a warrant, and without any right to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

21. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific bodily injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Liability of Defendant the City of New
York for Constitutional Violation.)

22. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

23. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through defendants SANTANA, MURRELL, GOODWIN, GOYCO and DOE had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

24. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through defendants SANTANA, MURRELL, GOODWIN, GOYCO and DOE had de facto policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said

defendants[1]. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

25. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific bodily injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured

### AS AND FOR A SIXTH CAUSE OF ACTION
(Negligence.)

26. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

27. Defendants SANTANA, MURRELL, GOODWIN, GOYCO and DOE negligently caused injuries, emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

28. As a result of the foregoing, plaintiff PALO HOWE was deprived of his liberty, suffered specific bodily injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Negligent hiring, screening, retention, supervision and training.)

29. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

30. Defendant THE CITY OF NEW YORK negligently hired, screened, retained,

---

[1] It should be noted that Detective Christopher Goodwin is currently being sued in a separate civil rights action in the case of *Barrow v. City of New York, et al.*, filed June 5, 2012, as 1:2012cv02820.

supervised and trained defendants SANTANA, MURRELL, GOODWIN, GOYCO and DOE. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

31. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific bodily injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Negligent infliction of emotional harm)

32. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

33. Defendants SANTANA, MURRELL, GOODWIN, GOYCO and DOE negligently caused emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of emotional injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

34. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific bodily injury, pain and suffering, great humiliation, emotional harm, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, plaintiff PALO HOWE demands the following relief jointly and severally against all of the defendants:

A. Compensatory damages;

B. Punitive damages;

C. The convening and empaneling of a jury to consider the merits of the claims herein;

D. Costs and interest and attorney's fees;

E. Such other and further relief as this Court may deem appropriate and equitable.

Dated: 9/26/12
Brooklyn, New York

                                          Respectfully submitted,

                                          David Epstein
                                          Counsel for the Plaintiff

                                          By: David Epstein, Esq. (DE7819)
                                          Epstein & Conroy
                                          335 Adams Street, Suite 2703
                                          Brooklyn, New York 11201
                                          Tel (718) 852-6763